FARMERS & MERCHANTS BANK of Rogers, Arkansas, and Harris-McHaney Real Estate Co. *v.* Jack DEASON, J.W. Carden & Virginia Ann Kistler

RC 89-37                                                     775 S.W.2d 909

Supreme Court of Arkansas
Opinion delivered September 18, 1989

*Hardy W. Croxton, Jr.*, for appellant.

*Jeff Slaton*, for appellee.

PER CURIAM. The Benton County Circuit Court granted a new trial with respect to a judgment for damages in favor of J.W. Carden against Farmers & Merchants Bank of Rogers, Arkansas. On appeal, this court reversed the new trial order because it had earlier been deemed denied pursuant to Ark. R. App. P. 4(c). *Farmers & Merchants Bank of Rogers, Arkansas and Harris-McHaney Real Estate Co. v. Deason*, 299 Ark. 167, 771 S.W.2d 749 (1989).

Prior to seeking a new trial, the bank had filed a notice of cross-appeal in the trial court. Here it is claimed that the notice of cross-appeal should be revived in view of our reinstatement of the judgment in favor of Carden. The Clerk refused to accept the record because there was no appealable order entered subsequent to our earlier decision.

Even if we were to hold that a notice of cross-appeal could be revived in these circumstances, we would not allow it in this case. The attempted notice of cross-appeal was stated as follows:

> Notice is hereby given that Farmers and Merchants Bank of Rogers, Arkansas, Defendant/Cross-Appellant, having been served with Plaintiff/Cross-Appellee Jack Deason's and Plaintiff/Cross-Appellee Virginia Ann Kis-

tler's Joint Notice of Appeal on June 14, 1988, in favor of Defendant/Cross-Appellant Farmers and Merchants Bank and Against Plaintiffs/Cross Appellees Jack Deason and Virginia Ann Kistler.

■ To be effective, a notice of appeal or cross-appeal must designate the judgment, decree, order or part thereof appealed from. Ark. R. App. P. 3(3). Even if we could consider the quoted incomplete sentence to constitute a notice, it does not mention any judgment, decree, order or part thereof. While the names of two of the bank's adversaries are mentioned, there is no mention whatever of J.W. Carden or the judgment he received against the bank. The attempted notice was ineffective.

Motion denied.